UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
KENNY WHITELY,

                              Plaintiff,

                   -against-

CITY OF NEW YORK; Police Officer DAVID SAVELLA, Shield No. 4134; Police Officer DMITRY BRUSHNIVSKI, Shield No. 1417, Police Officer MARC LAPPAS, Shield No. 20793, Police Officer and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-2876 (RJD)(RLM)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Kenny Whitley ("plaintiff" or "Mr. Whitley") is a resident of New York County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officers David Savella ("Savella"), Dmitry Brushnivsky, ("Brushnivsky"), and Marc Lappas )"Lappas", at all times relevant herein, were officers, employees and agents of the NYPD.  Defendants Savella, Brushnivsky and Lappas are sued in their individual and official capacities.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 9:41 p.m. on March 10, 2013, plaintiff was lawfully within the vicinity of Mermaid Avenue and West 24th Street, Brooklyn, New York.

13. Plaintiff, who had just purchased a cranberry juice from a nearby store, was in a passenger in a car with his Aunt and Uncle.

14. Several New York City Police Officers, including defendant Savella, Brushnivsky and Lappas, pulled over the car.

15. The defendants pulled plaintiff out of the car and forced him to put his hands on the car.

16. The defendants searched plaintiff and recovered no contraband.

17. The defendants then threw plaintiff to the ground and punched him in the face.

18. Plaintiff's Aunt and Uncle pleaded with the officers to stop beating plaintiff, but their pleas were ignored.

19. Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, defendant, including defendant, Savella, placed

plaintiff under arrest.

20. Defendants transported plaintiff to the 61st precinct.

21. Defendants, including defendant Savella, Brushnivsky and Lappas, had placed handcuffs on plaintiff that were unreasonably tight.

22. Plaintiff asked defendants to loosen the handcuffs but his requests were repeatedly denied.

23. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, obstructing governmental administration, engaging in disorderly conduct, and resisting arrest.

24. At no point did the officers observe plaintiff commit any crimes or offenses.

25. From the precinct, plaintiff was transported to Brooklyn Central Booking.

26. Plaintiff was subsequently arraigned in Kings County Criminal Court where all criminal charges against him were adjourned in contemplation.

27. After spending approximately thirty-six (36) hours in custody he was released.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants created false evidence against Plaintiff.

40. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

41. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual defendants issued legal process to place Plaintiff under arrest.

45. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

46. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   October 1, 2013
         New York, New York

                                               /ss/
                                    Robert Marinelli
                                    299 Broadway, 15th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    robmarinelli.gmail.com

                                    *Attorney for plaintiff*